AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

(1) A black/blue Samsung Galaxy 9+ cell phone, serial#: R38K3090VLV (Subject Phone 1);
(2) A black Samsung Galaxy 8+, IMEI#: 357725083086273 (Subject Phone 2);
(3) A black Apple iPhone, FCC ID#: BGC-E3092A IC#: 579C-E3092A (Subject Phone 3); and
(4) A black ZTE cell phone, serial#: 32F477066773 (Subject Phone 4)

Case No. 18-MJ-1087

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See descriptions included in Exhibit A, attached and incorporated by reference.

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized)*: The items set forth on the attached schedule of items to be seized, attached hereto as Exhibit B and incorporated by reference.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☒ evidence of a crime;
  ☒ contraband, fruits of crime, or other items illegally possessed;
  ☒ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

The application is based on these facts:

  ☒ continued on the attached sheet.
  ☒ Delayed notice of 30 days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

STEPHEN J. CHOKSHI
Special Agent
Drug Enforcement Administration
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July /, 2018

_____
*Judge's signature*

City and state: Buffalo, New York

HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge
*Printed name and Title*

# EXHIBIT A

## DESCRIPTIONS
## OF ITEMS TO BE SEARCHED

## SUBJECT PHONES 1 THROUGH 4

## SUBJECT PHONE 1

**A black/blue Samsung Galaxy 9+ cell phone, serial#: R38K3090VLV (Subject Phone 1)**



## SUBJECT PHONE 2

**A black Samsung Galaxy 8+, IMEI#: 357725083086273 (Subject Phone 2)**



## SUBJECT PHONE 3

**A black Apple iPhone, FCC ID#: BGC-E3092A IC#: 579C-E3092A (Subject Phone 3)**





3

# SUBJECT PHONE 4

**A black ZTE cell phone, serial#: 32F477066773  (Subject Phone 4)**



## EXHIBIT B
## SCHEDULE OF ITEMS TO BE SEARCHED FOR AND SEIZED

a. Records of telephone calls, including incoming, outgoing, and missed calls, contact information, including addresses, email addresses and telephone numbers, documents and files that reflect names, email addresses, email messages, addresses, telephone numbers and objects related to: (i) the purchase, acquisition, concealment, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; (ii) packages and shipments from California, Puerto Rico or other known sources of methamphetamine; (iii) the exchange of money or goods related to the purchase, acquisition, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; and (iv) threats to individuals; and photographs related to the above.

b. Records of text messages, bbm messages, and email messages, including incoming and outgoing text messages, bbm messages, and email messages, and the text, bbm, and email messages related to: (i) the purchase, acquisition, concealment, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; (ii) packages and shipments from California, Puerto Rico or other known sources of methamphetamine; (iii) the exchange of money or goods related to the purchase, acquisition, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; and (iv) threats to individuals.

c.  Records regarding ownership of and/or possession of the Items to be Searched; and

d.  Electronic information, data, addresses, maps, and recordings of travels, destinations, intended travels, approximate ground position by utilizing satellites, including historical information, navigation routes, satellite waypoints, saved addresses, destination points, location, speed, and other positioning data.

# AFFIDAVIT

STATE OF NEW YORK   )
COUNTY ERIE              )     SS:
CITY OF BUFFALO       )

**STEPHEN J. CHOKSHI**, Special Agent with the Drug Enforcement Administration, United States Department of Justice, having been duly sworn, states as follows:

1. I am a Special Agent (SA) of the United States Drug Enforcement Administration (DEA). As such, I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in the Comprehensive Drug Abuse Prevention and Controlled Substance Act of 1970, Title 21 of the United States Code (USC), as amended. As a Special Agent with the DEA, your affiant is also an investigative law enforcement officer of the United States of America within the meaning of Section 2510(7) of Title 18 United States Code (USC). I have been employed by the Drug Enforcement Administration (DEA) since February 2010.

2. As part of my employment with the DEA, I successfully completed formalized training at the United States Justice Department Training Facility, Drug Enforcement Administration Training Academy. During this training, I received detailed training, both academic and practical application, in the areas of informant handling/debriefing, drug packaging, pricing, importation, and trafficking methods. In addition, I received both academic and practical application training in surveillance and counter surveillance

techniques/methods. I received legal instruction in federal drug conspiracy laws, preparing drug affidavits, the Controlled Substances Act, Fourth Amendment Searches and Seizures, Federal Rules of Evidence, and the execution of search warrants. Based on my training and conversations with other Special Agents and Task Force Officers of the DEA, I am familiar with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold, and used within the framework of drug trafficking.

3. I have participated in numerous investigations that have targeted violators of Federal and State narcotics laws. I have also participated in numerous debriefings of narcotic traffickers, Cooperating Individuals, and Sources of Information.

4. My investigative experience detailed herein, and the experience of other law enforcement agents and officers who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. This affidavit is being submitted on a limited purpose, that is, a probable cause determination relative to the requested search warrant; therefore I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause that the Items to be Searched are evidence of, were used in committing, and/or contain evidence/fruits/instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846.

5. This affidavit is being submitted in support of the application for search warrants for four (4) cellular telephone devices, their SIM cards and component parts ("Items

2

to be Searched") which were seized on June 18, 2018, during the arrest of Jamell TRAPP and Marcus BOWMAN and the execution of a federal search warrant at 18 Wisteria Drive, Fredonia, NY, 14063, and are in the custody of the DEA. The items to be searched are identified as follows:

a. a black/blue Samsung Galaxy 9+ cell phone, serial#: R38K3090VLV ("Telephone 1");

b. a black Samsung Galaxy 8+, IMEI#: 357725083086273 ("Telephone 2");

c. a black Apple iPhone, FCC ID#: BGC-E3092A IC#: 579C-E3092A ("Telephone 3");

d. a black ZTE cell phone, serial#: 32F477066773 ("Telephone 4");

## BACKGROUND OF INVESTIGATION

6. Members of the FBI Streets Task Force (SSTF), Jamestown Police Department (JPD, and Drug Enforcement Administration (DEA), have been investigating members and associates of a drug trafficking organization who are responsible for the distribution of powder cocaine, crack cocaine, and methamphetamine in and around Jamestown, NY. The methamphetamine is believed to originate in Mexico and is then moved to southern California for shipment to Western New York. Members and/or associates of this organization are also suspected of violent acts, including the suspected murder of victim JOSEPH ANTHONY. Members of this organization include ERNEST CLAYBURN CAULEY JR, ZACKIEL LEONARD FIELDS JR, RYAN LOPEZ, DANNY MICHAEL, ALEXIS HALL, SEARCY FIELDS, JACOB MOTHERWELL, MICHAEL DAVIS,

3

DESTINY HARE, ANDREW BENNETT, JAMELL TRAPP, MARCUS MARTIN BOWMAN and others yet identified.

7. To date investigators have conducted over 40 controlled evidence purchases which included consensually recorded meetings with members of this drug trafficking network. Law Enforcement has purchased over 250 grams of methamphetamine, 3.5 grams crack cocaine, and 3.5 grams powder cocaine. Law Enforcement conducted a controlled delivery of 449.9 grams of methamphetamine to RYAN LOPEZ and executed a Search Warrant on a vehicle occupied by ERNEST CAULEY JR and ZACKIEL FIELDS JR., which resulted in the seizure of 895.8 grams of methamphetamine. The Investigation to date has identified locations that this network utilizes to facilitate their networking among the subjects listed above in furtherance of drug trafficking activity.

8. Based on my training and experience, narcotics distributors utilize cellular communications to conduct their transactions. In this specific case, law enforcement officers have conducted over 40 controlled purchases from various members of the DTO. Every single controlled purchase was set up by a call or text via a cellular telephone number attributed to each individual subject. Additionally, members of the DTO utilize various "code words" on the phone to describe their narcotics activities.

## PROBABLE CAUSE

9.      Postal and shipment records from the U.S. Postal Service and commercial carriers such as UPS reveal that on December 29, 2016, TRAPP received a UPS mail package that contained 7.9 ounces of methamphetamine and 15.13 ounces of marijuana in the state of New York.  TRAPP was arrested for this conduct and sentenced to probation.  TRAPP listed 18 Wisteria Drive, Fredonia, New York as his residence for probation purposes.

10.     On June 15, 2018, a United States Postal Inspector obtained a federal search warrant from the Honorable Michael J. Roemer,  Magistrate Judge for the Western District of New York, for a Priority Mail Express parcel addressed to "Jasmin Lopez, 18 Wisteria Dr, Fredonia, NY 14063" which further bears a return address of "Jessica Brown, 1319 W 48th St., Los Angeles, CA 90038"  The Priority Mail Express parcel bears USPS tracking number EL 399 584 144 US, and is a brown Ready Post cardboard box measuring approximately 15" x 12" x 10", weighing approximately 4 lbs   13.6 oz, bearing $63.20 in postage and was mailed from Los Angeles, CA 90030 (hereinafter the "Subject Parcel").  Execution of this search warrant revealed that the Subject Parcel contained approximately 2 lbs. 1.3 oz. of a white crystalline substance that field tested positive for methamphetamine, a Schedule II controlled substance. Based on my training and experience, this quantity of methamphetamine is consistent with large-scale drug trafficking and distribution and not with personal use.

11.     On June 17, 2018, Magistrate Judge Michael J. Roemer issued an order authorizing the installation, activation, and monitoring of an electronic transmitting device

5

in the Subject Parcel and a search warrant for the premises at 18 Wisteria Drive, Fredonia, New York.

12. On June 18, 2018, at approximately 2:00 PM, members of the DEA, the FBI and USPIS conducted a controlled delivery of Subject Parcel to 18 Wisteria Drive, Fredonia, New York. An electronic transmitter had been inserted into the Subject Parcel and the methamphetamine was replaced with sham. Prior to the delivery, officers with the Jamestown Police Department and other law enforcement agents had established surveillance of the residence.

13. Postal Inspector Brian Richards, acting in the role of a U.S. Postal Service Mail Carrier, delivered the Subject Parcel to 18 Wisteria Drive. When there was no answer at the door, Inspector Richards left a notice regarding the parcel and walked away. At this time, agents observed an individual later identified as Marcus Martin BOWMAN exit the residence and run through the apartment complex parking lot, making several circles, appearing to be looking for the mailman and the mail truck. Shortly thereafter, the U.S. Postal Inspector returned to the apartment complex and was met by BOWMAN in the parking lot. BOWMAN and the U.S. Postal Inspector returned to the front of 18 Wisteria Dr. and BOWMAN accepted the package and entered the residence.

14. Approximately two minutes later, the transmitter in the Subject Parcel emitted a high-frequency signal that alerted your Affiant and other members of the investigative team that the Subject Parcel had been opened. As law enforcement attempted to enter the home,

BOWMAN and/or TRAPP pushed the door shut. Law enforcement eventually made entry and detained both subjects at the time.

15. On June 18, 2018, following the arrests of TRAPP and BOWMAN, <u>Miranda</u> Rights were read to each individual by DEA SA Mike Terhune as witnessed by DEA SA Dave Leary (Bowman) and DEA SA Dave Turner (Trapp) and they provided statements as detailed below, in sum and substance.

16. When asked about the package that was delivered to the house today, TRAPP stated that he did not know about the package and he wanted to talk to a lawyer before further discussing the package. When asked about the gun in the house, TRAPP stated that he will take that and that the gun is his. BOWMAN stated that the house where the package was received was TRAPP's house. BOWMAN stated that he took the package from the mailman but he didn't know what was in it. He stated that he was playing video games and working out when the mailman knocked on the door. He stated that he was in the restroom when the mailman knocked on the door. Upon opening the front door, BOWMAN noticed a package notice on the door from the post office.

17. BOWMAN stated that he brought the package inside and placed it down on the floor and behind a wall where he couldn't see the package. He then stated that he called Brianna Darling, TRAPP's girlfriend, and stated that a package came and she said ok. BOWMAN stated that TRAPP was upstairs with his son and BOWMAN was downstairs. When asked who opened the package, BOWMAN repeated several times that

BOWMAN did not open the package. When SA Terhune stated that there were only two people in the house, BOWMAN maintained that he did not open the package and he does not know who did. BOWMAN stated that he is TRAPP's cousin, is visiting from California and has lived with TRAPP since March in a blue house on Thayer Street in Jamestown. BOWMAN stated that he makes money by going to the casino and gambling in Salamanca and Buffalo. He stated he sends money to California to his son's mother. BOWMAN further stated that he does not want to get killed. BOWMAN then stated that in sum and substance, he took the package in and told "him" (referring to TRAPP) that the package was here.

## ACQUISITION OF ITEMS TO BE SEARCHED

18. On June 18, 2018, Agents of the DEA and other law enforcement agencies executed a Federal Search Warrant at 18 Wisteria Drive, Fredonia, NY, 14063. TRAPP and BOWMAN were arrested via Criminal Complaint. Subsequent to the search warrant, law enforcement seized Telephones 2, 3, and 4 from 18 Wisteria Drive. Law enforcement also seized Telephone 1 from TRAPP's person.

## USE OF ELECTRONIC DEVICES BY JAMELL TRAPP AND MARCUS BOWMAN

19. A cellular or mobile telephone is a handheld wireless device used primarily for communication through radio signals sent through networks of transmitter/receivers called "cells," thereby communicating with other cellular telephones and/or "land line" telephones. A cellular telephone usually has a "call log," which records the number, date, and time of calls made to and from the device. In addition to voice communication, cellular telephones

have a broad range of capabilities, including storing names and telephone numbers in electronic address books; sending, receiving, and storing text messages and emails; taking, sending, receiving, and storing photographs and videos; storing and playing audio files; storing appointments and other data on personal calendars; and accessing and downloading information from the Internet. Cellular telephones also may have global positioning system ("GPS") technology used to determine the location of the device. Based on my training and experience in this and other investigations, individuals often use cellular telephones and other electronic devices to communicate with others in furtherance of unlawful activities, including delivery, transportation, storage, and distribution of controlled substances and drug proceeds.

20. Based on my training and my experience, violators often use multiple cellular telephones and electronic devices to evade detection by law enforcement. Thus, the 4 cellular telephones are believed to contain evidence of illicit activities.

**AUTHORIZATION TO SEARCH**

21. Based on my training and experience, my participation in this and other investigations, and my discussions with other law enforcement, I have learned that drug traffickers frequently maintain information concerning their unlawful activities, such as text messages, bbm messages, contact information, email addresses, telephone numbers, and photographs, in cellular telephones, GPS devices, laptop computers, and tablet computers. As a result, it is believed that the Items to be Searched are evidence of and contain evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846.

22. Accordingly, authorization is sought to search the Items to Searched for the following, listed in **Exhibit B**, attached to the Application:

    a. Records of telephone calls, including incoming, outgoing, and missed calls, contact information, including addresses, email addresses and telephone numbers, documents and files that reflect names, email addresses, email messages, addresses, telephone numbers and objects related to: (i) the purchase, acquisition, concealment, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; (ii) packages and shipments from California, Puerto Rico or other known sources of methamphetamine; (iii) the exchange of money or goods related to the purchase, acquisition, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; and (iv) threats to individuals; and photographs related to the above.

    b. Records of text messages, bbm messages, and email messages, including incoming and outgoing text messages, bbm messages, and email messages, and the text, bbm, and email messages related to: (i) the purchase, acquisition, concealment, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; (ii) packages and shipments from California, Puerto Rico or other known sources of methamphetamine; (iii) the exchange of money or goods related to the purchase, acquisition, shipment, receipt and distribution of methamphetamine, including any code words used to refer to such controlled substances; and (iv) threats to individuals.

    c. Records regarding ownership of and/or possession of the Items to be Searched; and

    d. Electronic information, data, addresses, maps, and recordings of travels, destinations, intended travels, approximate ground position by utilizing satellites, including historical information, navigation routes, satellite waypoints, saved addresses, destination points, location, speed, and other positioning data.

23. Once the requested search warrants are issued, the Items to be Searched will be submitted for forensic analysis, which may not be able to be conducted locally. While it may be possible to conduct the search using a range of data analysis techniques rather than a time-consuming manual search, how long the search will require to complete cannot be determined until after the forensic analysis has begun. As a result, permission is requested to use all

available data analysis techniques to locate and retrieve the evidence described above. Further, while the undersigned will endeavor to ensure that the forensic analysis occurs expeditiously, it is anticipated that the forensic analysis will not be completed within the customary fourteen (14) day period specified in a search warrant. Accordingly, it is requested that the search warrants authorize agents to execute the search warrants and conduct the forensic analysis of the Items to be Searched beyond that fourteen (14) day period.

**WHEREFORE**, based upon the foregoing, your affiant submits that there is probable cause to believe that the Items to be Searched are evidence of, and/or contain evidence of, violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846.

_____
STEPHEN J. CHOKSHI
Special Agent
Drug Enforcement Administration

Sworn to before me this 12TH

day of July, 2018.

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge

11